UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Malik Bey, | ) C/A No. 3:11-01633-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| William Nettles, District Attorney Prosecutor; | ) |
| James I. Davis, Clerk of the Circuit Court, | )   Report and Recommendation |
| | ) |
| Defendants. | ) |

The Plaintiff, Malik Bey[1] (Plaintiff), proceeding *pro se*, brings this action pursuant to the Fair Debt Collection Practices Act (FDCPA). Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Plaintiff identifies himself as Malik Bey in the instant pleadings. However, an individual by that name has filed other cases in this Court under both the name Malik Bey and Jefford Henry, Jr.

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff's Complaint states the following, verbatim:

1) The District Attorney William N. Nettles, was given fiduciary responsibility (under state statute and appointment) over my name sake, SSN and account recievable/payable but, failed, to pay a customer/client of the clerk of the courts, James I. Davis.

2) Clerk Of The Circuit Court James I. Davis, was given fiduciary responsibility (under state statute and appointment) over my name sake, SSN and account recievable/payable but, failed to adjust my accounts 2011-CP31-02, 2011-CP-31-104, and 2008-CP-31-0109.

3) District Attorney William N. Nettles, was instructed on the adjustment and forwarded payment, to the Clerk Of The Circuit Courts James I Davis, to adjust those accounts. Clerk Of The Ci[r]cuit Court James I. Davis , failed to do so. The District Attorney and Clerk Of The Circuit Courts, has FAILED TO STATE A CLAIM upon which, I, Malik A. Bey, as a CUSTOMER of said courts did not perform the duties of state and federal law.

4) Both, District Attorney and Clerk Of The Circuit Courts, was told that, those accounts were under FDCPA or Fair Debt Collections Act, I, Malik A. Bey, stressed that, those that paid for the account to be paid in recievership and given their products back, within 10 (ten) business days. Clerk Of The Circuit Court James I. Davis, FAILED to do so and is VIOLATING federal law.

ECF No. 1, page 4.

The "relief" section of the Complaint states, verbatim:

> Payment was REC[EI]VED by Clerk Of The Court James I. Davis and should make payment to their Clients, for services rendered. District Attorney William N. Nettles, will in due process of law, enforce the same with the FDCPA as his lawful 'guide' for services rendered on my accounts.

ECF No. 1, page 5.

Discussion

Plaintiff indicates that he is a party in three state court debt collection cases.[2] Plaintiff alleges that the Defendants, a federal prosecutor and state clerk of court, have somehow violated the Fair Debt Collection Practices Act by mishandling money associated with those cases. The purpose of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, is "'to protect consumers from unfair debt collection practices.'" *Smith v. EVB*, Nos. 10-1873, 11-1081, 2011 WL 2689061 at *2 (4th Cir. July 12, 2011)(quoting *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87 (4th Cir. 1994)). Thus, the provisions of the FDCPA generally apply only to debt collectors. *See Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 403 (3d Cir. 2000). However, the FDCPA expressly exempts from the definition of "debt collectors" "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). *See also Pollice* 225 F.3d at 406; *Brannon v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1263 (9th Cir. 1996). As the Defendants fall squarely under the government actor exemption of the FDCPA, neither Defendant qualifies as a "debt collector"

---

[2]The case action numbers provided by Plaintiff correspond to cases in the Lee County Court of Common Pleas. Online records for Lee County indicate that case action number 2008-CP-31-0109 is a debt collections case filed by Safe Federal Credit Union against Henry Jefford, Jr., on May 27, 2008. Case action number 2011-CP-31-02 is a complaint regarding real property filed by Ace Motor Acceptance Corporation against Jeff J. Henry, Jr., on January 4, 2011. Case action number 2011-CP-31-104 is a foreclosure action filed by Farmers Home Administration on May 17, 2011, against a defendant named Mamie L. Smith. *See Third Judicial Circuit Public Index*, http://publicindex.sccourts.org/lee/publicindex/PISearch.aspx?CourtType=G (last visited July 21, 2011).

for purposes of that Statute. Therefore, any claim Plaintiff may be asserting against the Defendants under the FDCPA for attempting to collect a debt in the performance of official duties must fail. *See Streater v. Cox*, No. 07-11163, 2008 WL 564884 at *3 (E. D. Mich. Feb. 28, 2008)(holding that 15 U.S.C. § 1692(a)(6)(C) precluded FDCPA action against state employees); *Parrish v. City of Highwood*, No. 95 C 4438, 1998 WL 601764 at *3, *7 (N. D. Ill. Sept. 9, 1998)(holding that a city and one of its former police officers were exempt from the FDCPA's definition of "debt collector").

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

August 5, 2011                                                          Joseph R. McCrorey
Columbia, South Carolina                                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).